IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE C. SPENCE,  )<br>  )<br>  Petitioner,  )<br>  )<br>  vs.  )<br>  )<br>  )<br>PEOPLE OF THE STATE OF  )<br>CALIFORNIA,  )<br>  )<br>  Respondent.  )<br>  )<br>  )<br>_____  ) | 1:08-CV-0045-AWI WMW HC<br><br>ORDER VACATING<br>FINDINGS AND<br>RECOMMENDATIONS RE<br>DISMISSAL OF PETITION<br>FOR WRIT OF HABEAS<br>CORPUS AND<br>DENYING STAY |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On March 6, 2008, the court entered findings and recommendations in this case. The court, relying on information provided in the petition, found that all of the claims were unexhausted, and therefore recommended dismissal of the petition. In his objections filed April 11, 2008, Petitioner explains that five of his claims have been exhausted and that the remaining four claims are pending before the California Supreme Court. Petitioner asks this court to either stay this action pending exhaustion of

those last four claims, or strike the last four claims.

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In the present case, Petitioner provides no explanation for his failure to exhaust his claims in state court before initiating his federal habeas corpus proceeding. This court therefore cannot find good cause. Accordingly, Petitioner's motion for stay of the proceedings will be denied.

Alternatively, Petitioner requests the court to strike the four later claims and proceed with the first five claims. Good cause appearing, Petitioner's request will be granted.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The findings and recommendations entered on March 6, 2008 [Doc. 13] are HEREBY VACATED;
2) Petitioner's request for a stay is DENIED [Doc. 14];
3) Petitioner's request for the court to strike the four later claims and proceed with the first five claims is GRANTED [Doc. 14]. The four last claims in the petition are

2

STRICKEN.

The court will separately order Respondent to answer the petition.

IT IS SO ORDERED.

**Dated:     May 30, 2008**                              **/s/  William M. Wunderlich**
                                                                        UNITED STATES MAGISTRATE JUDGE

3