UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE C. SPENCE, | 1: 08 CV 0045 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 20] |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner was convicted in Tulare County Superior Court of making criminal threats and criminal assault, with enhancements for a prior serious felony, and a prior felony conviction. On December 15, 2004, the trial court sentenced Petitioner to serve a term of 31 years to life pursuant to

California's "Three Strikes Law."

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). On August 24, 2006, the Court of Appeal affirmed the judgment.

On October 4, 2006, Petitioner filed a petition for review with the California Supreme Court. The court denied the petition on November 15, 2006.

On November 2, 2006, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on May 9, 2007.

On February 9, 2007, Petitioner filed a petition for writ of habeas corpus with the Tulare County Superior Court. The court denied the petition on February 26, 2007.

On June 19, 2007, Petitioner filed a petition for writ of habeas corpus with the Tulare County Superior Court. The court denied the petition on June 25, 2007.

On July 18, 2007, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal. The court denied the petition on November 16, 2007.

On December 13, 2007, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on June 11, 2008.

On January 2, 2008, Petitioner filed the present petition. On June 2, 2008, this court entered an order granting Petitioner's request to strike his four later claims and proceed with his first five claims.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual

determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it contains unexhausted claims. Petitioner opposes the motion.

<u>Procedural Basis for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

<u>Exhaustion of State Judicial Remedies</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In his petition, Petitioner alleges eight claims for relief. On June 2, 2008, the court entered an order granting Petitioner's request to strike the later claims and proceed with the first five claims. Thus, this case proceeds on the following grounds for relief: (1) Petitioner's conviction for criminal threats must be reversed because there was insufficient evidence the victim experienced sustained fear; (2) Petitioner's conviction for criminal threats must be reversed because there was insufficient evidence the threat was unconditional under the circumstances; (3) trial counsel was ineffective for not presenting evidence of Petitioner's mental disorder; (4) the trial court erred in denying Petitioner's motion to dismiss on the grounds that his speedy trial rights had been violated; (5) Petitioner's five-year enhancement under section 667(a)(1) must be dismissed due to prosecutorial vindictiveness.

Claims (1) and (2) were brought in Petitioner's petition for review to the California Supreme Court, and are therefore exhausted. Claims (3), (4), and (5) were brought in Petitioner's November

2, 2006, petition for writ of habeas corpus to the California Supreme Court. However, as Respondent notes, the California Supreme Court's denial cites In re Swain, 34 Cal.2d 300 (1949); People v. Duvall, 9 Cal.4th 464, 474 (1995); and In re Dixon, 41 Cal.2d 756 (1953).

As explained above, federal courts may not grant habeas corpus relief unless the petitioner has exhausted all available state court remedies. See 28 U.S.C. § 2254(b)(1). The petitioner has not fairly presented his federal claim to a state court if the claim is presented in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989). In re Swain articulates the procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify the delay in the presentation of the claims. In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949). The Ninth Circuit has held that an In re Swain citation is a denial on procedural grounds, because such a deficiency, when it exists, can be cured in a renewed petition. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); Harris v. Superior Court, 500 F.2d 1124, 1128, (9th Cir. 1974). Duvall, which cites Swain, requires that a petitioner(1) state fully and with particularity the facts upon which relief is sought and (2) include copies of reasonably available documentary evidence supporting the claim. Duvall, 9 Cal.4th at 474. Dixon, which also cites Swain, similarly places on a habeas petitioner the burden of alleging and proving all facts upon which he relies.

This court finds that because the California Supreme Court denied Petitioner's November 2, 2006 petition with a citation to the above cases, the petition was denied as procedurally improper and the claims contained therein are unexhausted. This court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)©. The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has not waived

exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.  Finally, there are not sufficient circumstances in this case for the Court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.

In conclusion, the petition for writ of habeas corpus currently before this court contains both exhausted and unexhausted claims.  The petition must therefore be dismissed. See, Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Gordon, 107 F.3d at 760; Guizar 843 F.2d at 372.

In light of the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED;

2) that this petition be dismissed as a mixed petition containing both exhausted and unexhausted claims; and

3) the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Finding and Recommendation are submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claims. Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  However, Petitioner is forewarned that should he choose to go forward with only his currently exhausted claims, any subsequent filings may be barred by the abuse of the writ doctrine. See McCleskey v. Zant, 111 S.Ct. 1454 (1991); see also, Rule 9(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2254 (failure to allege all available grounds for relief in a single petition may be abuse of the writ).  If petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the entire petition will be dismissed. Petitioner may then  return to state court to exhaust the remainder of his claims before filing a new federal petition. Rose, 455 U.S. at 520; Guizar v. Estelle, 843 F.2d at 372.  This dismissal will not

1 | bar Petitioner from returning to federal court after exhausting available state remedies. See <u>Trimble</u>
2 | <u>v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir.1995).  However, this does not mean that Petitioner
3 | will not be subject to the one year statute of limitations imposed by Title 28 U.S.C. § 2244(d).  In
4 | most cases, the one year period starts to run on the date the California Supreme Court denied
5 | Petitioner's direct review. See <u>id.</u>  Although the limitations period tolls while a properly filed request
6 | for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the time an
7 | application is pending in federal court. <u>Duncan v. Walker</u>, 121 S.Ct. 2120, 531 U.S. 991 (2001).

      Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

      Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)    that Respondent's motion to dismiss be GRANTED;

2)    that this petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations;

3)	that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 12, 2009	              /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE