UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE C. SPENCE, | ) | 1:08-cv-00045 AWI YNP DLB (HC) |
| Petitioner, | ) | |
| v. | ) | SUPPLEMENTAL FINDINGS AND RECOMMENDATION RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| | ) | [Doc. #20] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(I)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss the petition.

**PROCEDURAL HISTORY**

Petitioner was convicted in Tulare County Superior Court of making criminal threats and criminal assault, with enhancements for a prior serious felony and a prior felony conviction. On December 15, 2004, the trial court sentenced Petitioner to serve a term of 31 years to life pursuant to California's "Three Strikes Law."

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). On August 24, 2006, the Court of Appeal affirmed the judgment.

On October 4, 2006, Petitioner filed a petition for review with the California Supreme Court. The court denied the petition on November 15, 2006.

On November 2, 2006, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on May 9, 2007.

On February 9, 2007, Petitioner filed a petition for writ of habeas corpus with the Tulare County Superior Court. The court denied the petition on February 26, 2007.

On June 19, 2007, Petitioner filed a petition for writ of habeas corpus with the Tulare County Superior Court. The court denied the petition on February 26, 2007.

On July 18, 2007, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, The court denied the petition on November 16, 2007.

On December 13, 2007, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on June 1, 2008.

On January 2, 2008, Petitioner filed the present petition. On June 2, 2008, this court entered an order granting Petitioner's request to strike four later claim and proceed with his first five claims.

On July 31, 2008, Respondent filed a motion to dismiss. (Doc. #20). The Magistrate Judge Wunderlich entered his Findings and Recommendation that the motion to dismiss be granted on January 13, 2009. (Doc. #26). Petitioner submitted his objections to the Findings and Recommendation on April 13, 2009. (Doc. #30). The District Court Judge, Anthony W. Ishii, referred the matter back to Magistrate Judge, Dennis L. Beck[1] for further Findings and Recommendations on May 13, 2009. (Doc. #31).

## LEGAL STANDARD

Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d).

---

[1] Due to the retirement of Magistrate Judge Wunderlich this matter has been reassigned.

Accordingly, this Court has jurisdiction of ver the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Standard of Review

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams, 12 S.Ct. at 1518-23. Under ADEPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Can Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 120 S.Ct. at 1523. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1174 (citations omitted). "Rather, that application must be objectively unreasonably." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

conviction in the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 D.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moved to dismiss the petition on the ground that it contains unexhausted claims. Petitioner opposes the motion.

Procedural Grounds For Motion To Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court..." The advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, this Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

Exhaustion of State Judicial Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,

1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In his petition, Petitioner alleges eight claims for relief. On June 2, 2008, the court entered an order granting Petitioner's request to strike the later claims and proceed with the first five claims. Thus, this case proceeds on the following grounds for relief: (1) Petitioner's conviction for criminal threats must be reversed because there was insufficient evidence the victim experienced sustained fear; (2) Petitioner's conviction for criminal threats must be reversed because there was insufficient evidence the threat was unconditional under the circumstances; (3) trial counsel was ineffective for not presenting evidence of Petitioner's mental disorder; (4) the trial court erred in denying Petitioner's motion to dismiss on the grounds that his speedy trial rights had been violated; (5) Petitioner's five-year enhancement under section 667(a)(1) must be dismissed due to prosecutorial vindictiveness.

Claims (1) and (2) were brought in Petitioner's petition for review to the California Supreme Court, and are therefore exhausted. Claims (3), (4), and (5) were brought in Petitioner's November 2, 2006, petition for writ of habeas corpus to the California Supreme Court.  However, as Respondent notes, the California Supreme Court's denial cites In re Swain, 34 Cal.2d 300 (1949); People v. Duvall, 9 Cal.4th 464, 474 (1995); and In re Dixon, 41 Cal.2d 756 (1953).

As explained above, federal courts may not grant habeas corpus relief unless the petitioner has exhausted all available state court remedies. See 28 U.S.C. § 2254(b)(1). The petitioner has not fairly presented his federal claim to a state court if the claim is presented in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989).  In re Swain articulates the procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify the delay in the presentation of the claims.  In re Swain, 34 Cal.2d at 304.  The Ninth Circuit has held that an In re Swain citation is a denial on procedural grounds, because such a deficiency, when it exists, can be cured in a renewed petition. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986);  Harris v. Superior Court, 500 F.2d 1124, 1128, (9th Cir. 1974).  Duvall, which cites Swain, requires that a petitioner (1) state fully and with particularity the facts upon which relief is sought and (2) include copies of reasonably available documentary evidence supporting the claim.  Duvall, 9 Cal.4th at 474. Dixon, which also cites Swain, similarly places on a habeas petitioner the burden of alleging and proving all facts upon which he relies.

The Ninth Circuit has held that a state court's denial of a habeas petition for lack of particularity does not *per se* establish that state remedies have not been exhausted. Kim v. Villalobos, 799 F.2d 1317, 1319-20 (9th Cir. 1986). The Ninth Circuit has stated that if a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with that rule. Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992), *implied overruling on other grounds recognized by* Swoopes v. Sublett, 196 F.3d 1008, 1999 (9th Cir.1999)); Kim, 799 F.2d at 1321. The Ninth Circuit has found that it is "incumbent" on the district court, in determining whether the federal standard of "fair presentation" to the California Supreme Court has been met, to independently examine the petition presented to the California

1  Supreme Court. <u>Kim</u>, 799 F.2d at 1320. Fair presentation requires only that the claims be pleaded
2  with as much particularity as is practicable. <u>Id</u>.
3       In his petition to the California Supreme Court (S147751), Petitioner's arguments seem quite
4  clear.  Claim one asserts that Petitioner suffered ineffective assistance of counsel when trial counsel
5  failed to present evidence of his mental disorder and then goes on to describe in detail how that
6  mental disorder relates to his crime. (Lodged Doc. 4 at 6-10).  Claim two asserts that the trial court
7  erred in denying Petitioner's motion to dismiss where he alleged that the court violated his right to a
8  speedy trial. (<u>Id</u>. at 10-11).  Claim three asserts that Petitioner's five year enhancement should be
9  stricken because it was a product of prosecutorial reprisal, added only after Petitioner refused to take
10 the prosecution's plea deal. (<u>Id.</u> at 12-13).  Without commenting on the merits, this Court finds that
11 these claims have been pleaded with reasonable particularity and were therefore fairly presented to
12 the highest court of the state.

## CONCLUSION

14       Petitioner should not be barred from presenting his habeas petition to the federal court merely
15 because the California Supreme Court denied his petition without prejudice.  The court finds that all
16 three of the claims in question were fairly presented; therefore, Respondent's motion to dismiss
17 should be DENIED.

## RECOMMENDATION

19       In light of the foregoing, IT IS HEREBY RECOMMENDED as follows:
20       1) that Respondent's motion to dismiss should be DENIED and
21       2) Respondent should be given thirty (30) days from the date of service of this order in which
22 to file an answer to Petitioner's petition for writ of habeas corpus.
23       These Finding and Recommendation are submitted to the United States District Court Judge
24 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
25 Local Rules of Practice for the United States District Court, Eastern District of California.
26       Within thirty (30) days after being served with a copy of this Findings and Recommendation,
27 any party may file written objections with the Court and serve a copy on all parties. Such a
28 document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

1 Replies to the Objections shall be served and filed within ten (10) *court* days (plus three days if
2 served by mail) after service of the Objections. The court will then review the Magistrate Judge's
3 ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections
4 within the specified time may waive the right to appeal the Order of the District Court.  Martinez v.
5 Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 6, 2009**                    **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE