# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE C. SPENCE, | ) 1:08-cv-00045 AWI YNP [DLB] (HC) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER DENYING PETITIONER'S |
| | ) MOTION TO COMPEL |
| PEOPLE OF THE STATE OF | ) |
| CALIFORNIA, | (Document #29) |
| | ) |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 13, 2009, Petitioner requested the Court to grant discovery on the following items:

> 1) Any and all mental health records from August 22, 2003 to July 7, 2006 specifically; evaluation regarding psychological or psychiatric impairment or conditions of Eddie Spence. . . .
> 2) Any and all documents regarding diagnosis and prescribed treatment and medication received for all psychological and/or psychiatric impairments or conditions of Eddie Spence.

"The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See, e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)). A habeas proceeding does not proceed to "trial" and unlike other civil

litigation, a habeas corpus petitioner is not entitled to broad discovery. <u>Bracy v. Gramley</u>, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); <u>Harris v. Nelson</u>, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969). Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. <u>Bracy</u>, 117 S.Ct. 1793, 1797; <u>McDaniel v. United States Dist. Court (Jones)</u>, 127 F.3d 886, 888 (9th Cir. 1997); <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.

Petitioner does not demonstrate good cause why the request for discovery should be granted. Petitioner's petition challenges his conviction only, not anything that happened while in prison and it is not apparent why prison medical records would be relevant to those claims. Petitioner does not state why the information is needed, what claims or arguments said discovery is necessary, or why said discovery is relevant to a determination of the merits of the petition.

Accordingly, Petitioner's motion to compel is hereby DENIED without prejudice.


IT IS SO ORDERED.

**Dated:   February 1, 2010**                    _____ **/s/ Dennis L. Beck** _____
                                                UNITED STATES MAGISTRATE JUDGE