UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE C. SPENCE, | ) 1:08-cv-00045-AWI-SKO-HC |
| | ) |
| Petitioner, | ) ORDER CONSTRUING PETITIONER'S |
| | ) "MOTION" AS A REQUEST FOR |
| | ) STIPULATION  (Doc. 50) |
| v. | ) |
| | ) ORDER DISREGARDING THE REQUEST |
| PEOPLE OF THE STATE OF | ) FOR STIPULATION  (Doc. 50) |
| CALIFORNIA, | ) |
| | ) ORDER DEFERRING RULING ON |
| Respondent. | ) PETITIONER'S REQUEST FOR JUDICIAL |
| | ) NOTICE OR INTRODUCTION OF |
| | ) EVIDENCE (Doc. 49) |

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court are Petitioner's request for judicial notice and the introduction of exculpatory evidence, and his request for stipulation to the introduction of such evidence, filed in this Court on August 25, 2010.  Respondent filed opposition to the requests on September 14, 2010.  Petitioner did not file a reply.
///

I. <u>Petitioner's "Motion for Stipulation" Is Deemed to Be a Request and Is Disregarded</u>

The docket refers to Petitioner's request for a stipulation from the Attorney General concerning the introduction or consideration of evidence pertaining to his claim of ineffective assistance of counsel as a "motion" (docket entry re: doc. 50). However, it does not seek action by the Court, and therefore it is DEEMED to be a request.

Further, the Court DISREGARDS Petitioner's request because the Respondent has declined the request in the opposition to the request filed by Respondent on September 14, 2010. (Doc. 53, 5.)

II. <u>Order Deferring Consideration of Petitioner's Request for Judicial Notice</u>

A. <u>Background</u>

Petitioner was convicted on December 15, 2004, in the Tulare County Superior Court of making criminal threats (count 1) in violation of Cal. Pen. Code § 422 and of assault (count 2) in violation of Cal. Pen. Code § 240. (2 CT 413-14.) He was sentenced to thirty-one (31) years to life pursuant to California's "Three Strikes" law (Cal. Pen. Code § 667(a)(i)). (Ans. 6:6-7.) Petitioner filed his petition on January 2, 2008. By order of the Court dated June 2, 2008, four of the claims stated in the petition were stricken, and Respondent was directed to file a response to the first five claims. Respondent's motion to dismiss the claims for failure to exhaust state remedies was denied on September 21, 2009.

The case thus proceeds on the following grounds for relief: 1) Petitioner's conviction for criminal threats must be reversed because there was insufficient evidence the victim experienced

2

sustained fear (Lodged Doc. 4 at 6-10); 2) Petitioner's conviction for criminal threats must be reversed because there was insufficient evidence the threat was unconditional under the circumstances; 3) trial counsel was ineffective for not presenting evidence of Petitioner's mental disorder; 4) the trial court erred in denying Petitioner's motion to dismiss on the grounds that his speedy trial rights had been violated; and 5) Petitioner's five-year enhancement under Cal. Pen. Code § 667(a)(1) must be dismissed due to prosecutorial vindictiveness.

On December 7, 2009, Respondent filed an answer to the petition in which it was contended that although the petition was timely filed and the claims (with the exception of the speedy trial claim) fairly presented to the California Supreme Court, the state court's rejection of Petitioner's claims was objectively reasonable, and the petition should be denied. (Ans., doc. 40, 7:7-15.) The crimes involved Petitioner's threatening and assaulting his domestic partner on August 22, 2003, at a time when Petitioner was suffering pain and emotional upset from a back injury. (Ans. 9-14.)

### B. Request for Judicial Notice

Petitioner requests that the Court take judicial notice of various documents relating to his claim regarding the ineffective assistance of trial counsel. Respondent objects on the ground of relevance.

The Court cannot determine the relevance of the documents and Petitioner's entitlement to consideration of the documents without considering the merits of the petition. A court has inherent power to control its docket and the disposition of its

3

cases with economy of time and effort for both the court and the parties.  Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Further, there are cases other than Petitioner's that became ready for consideration of the merits earlier than Petitioner's case.

     Accordingly, in the interest of efficiency, the Court DEFERS consideration and ruling on Petitioner's request for judicial notice until the merits of the petition are considered.

IT IS SO ORDERED.

**Dated:   October 30, 2010**                              /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE