UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE C. SPENCE, <br><br> Petitioner, <br><br> v. <br><br> PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Respondent. | 1:08-cv—00045-AWI-SKO-HC <br><br> ORDER GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS (DOCS. 60, 55) <br><br> **DEADLINE FOR FILING OBJECTIONS TO FINDINGS AND RECOMMENDATIONS TO DENY THE PETITION:** <br> **THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER** <br><br> FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S REQUEST FOR INJUNCTIVE RELIEF (DOC. 60) <br><br> **DEADLINE FOR FILING OBJECTIONS TO FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR INJUNCTIVE RELIEF:** <br> **THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER** |

 Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court are 1) Petitioner's motion for an extension of time to

file objections to findings and recommendations to deny the petition which were filed on March 28, 2011; and 2) Petitioner's motion for injunctive relief in the form of an order compelling the Respondent to return Petitioner's property. The motions were filed on July 1, 2011.

I.   Order Granting the Request for an Extension of Time

On March 28, 2011, the Magistrate Judge filed findings and recommendations to deny the petition for writ of habeas corpus on the merits. The claims included vindictive prosecution, violation of the right to a speedy trial, and the sufficiency of the evidence to establish that the victim experienced sustained fear and that the threat was unconditional under the circumstances. The findings and recommendations were served by mail on Petitioner on the same date and informed Petitioner that objections were due within thirty days.

In April 2011, Petitioner was granted thirty additional days to file objections because of serious illness with hospitalization that commenced in December 2010 and resulted in Petitioner's return to custody to be housed in the prison infirmary on March 25, 2011. In March, Petitioner was learning to walk; in April, he requested the return of his property but did not receive it.

On June 2, 2011, Petitioner was again granted an additional thirty days to file objections because he was released from the prison infirmary on or about May 24, 2011, and was awaiting placement back in the general population in order to be eligible for access to the law library. Petitioner had not received his property despite numerous requests.

2

1    On July 1, 2011, Petitioner filed his third request for an
2 extension of time to file objections to the findings and
3 recommendations concerning the merits of his petition.
4 Petitioner stated that he had been served with a copy of the
5 findings and recommendations.  Petitioner stated that he had
6 sought the return of his "legal matter" so that he could file
7 objections, and he filed numerous inmate appeals after he did not
8 receive his property.  Petitioner asserts that without the
9 property, he cannot respond to the moving pleadings.
10    The Court notes that it is not pleadings to which Petitioner
11 seeks to respond, but rather the Magistrate Judge's findings and
12 recommendations to deny the petition.  The Respondent filed an
13 answer to the petition, and Petitioner filed a traverse.  Thus,
14 the issues were fully briefed before the Magistrate Judge
15 prepared findings and recommendations.  Therefore, Petitioner is
16 not faced with preparing his case before this Court in the first
17 instance.  Instead, he has an opportunity to provide final input
18 with respect to the recommended disposition in his case.
19    Petitioner has not shown how his property is necessary for
20 filing objections to the findings and recommendations.
21 Petitioner offers only a conclusion that without "said property
22 petitioner can in no way respond" to the moving pleadings.  (Mot.
23 2.)  It does not appear that Petitioner is suffering any
24 limitation of access to the law library or other condition of
25 confinement that would prevent filing objections.
26    Therefore, it does not appear that Petitioner's lack of
27 access to his property is good cause for an extension of time.
28 However, because of Petitioner's history of illness, the Court

will grant to Petitioner one final extension of time to file objections to the findings and recommendations. Petitioner is forewarned that the Court will not grant further extensions without an affirmative showing of good cause based on specific facts.

Accordingly, it is ORDERED that Petitioner's motion for an extension of time is GRANTED, and Petitioner may file objections to the findings and recommendations to deny the petition no later than thirty (30) days after the date of service of this order.

## II.   Findings and Recommendations Regarding Petitioner's Request for Injunctive Relief

Petitioner requests that the Court compel the warden and custodial staff to return his property.

After reading the motion in its entirety, the Court concludes that it is clear that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.

It is established that relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 extends to a prisoner who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

4

for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Note to Habeas Rule 1, 1976 adoption.

In the motion for injunctive relief, Petitioner seeks to challenge the conditions of his confinement and not the legality or duration of his confinement. Accordingly, Petitioner's claim concerning his property is cognizable in a civil rights action rather than a petition for writ of habeas corpus. The Court will, therefore, recommend that the motion for injunctive relief be denied.

### III. Recommendations

In accordance with the foregoing, it is RECOMMENDED that Petitioner's request for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

5

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 14, 2011**                                    /s/ Sheila K. Oberto
                                                                                UNITED STATES MAGISTRATE JUDGE